**Mikel S. BERRYMAN, Plaintiff–Appellant,**

**v.**

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant–Appellee.**

**No. 00–3246.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 30, 2001.

Decided Dec. 5, 2001.

Before CUDAHY, EASTERBROOK and WILLIAMS, Circuit Judges.

### ORDER

Mikel Berryman was a passenger in an automobile during an accident, which involved only that vehicle. His injuries were severe. The driver of the car, Tina Johnston (n/k/a Tina Oldham), was insured by American Family Mutual Insurance Company under her parent's policy. The bodily injury limit of the policy was $50,000.

Berryman sued Johnston in state court seeking damages in excess of that amount. Johnston's insurer, American Family, provided her defense. Before discovery had been conducted, Berryman's attorney wrote a demand letter to Johnston's attorney, stating that Berryman would accept the policy limit of $50,000 in settlement of his claims against Johnston, but left the offer open for only one month, after which no other settlement offer for the policy limit would be considered. The offer was rejected. The case went to trial, and Berryman won a $3.25 million jury verdict against Johnston. American Family paid the policy limit, and in exchange for an agreement to forego execution of the judgment, Johnston agreed to assign her rights against American Family to Berryman.

Berryman, standing in the place of Johnston, sued American Family in Illinois state court, but American Family removed the case to the United States District Court for the Central District of Illinois, invoking the district court's diversity jurisdiction.[1] Berryman's complaint alleged that American Family's actions were negligent and in bad faith for failing to settle for the policy limit. To succeed under Illinois law, the controlling law on these issues, Berryman must show that at the time of the settlement offer (1) the probability of an adverse finding on liability was great and (2) the amount of damages would have likely exceeded the policy limit. *See, e.g., Phelan v. State Farm Mut. Auto. Ins. Co.*, 114 Ill.App.3d 96, 69 Ill.Dec. 861, 448 N.E.2d 579, 585 (1983). The district court granted summary judgment to American Family. We review the judgment of the district court de novo.

Berryman cannot show that at the time of the settlement offer the probability of

an adverse finding on liability was great, which is fatal to his case. Both parties agree that the dispositive issue in the state court accident case was the identity of the driver. And although Berryman alleged in his complaint that Johnston was the driver, all the evidence that American Family had on this question at the time of his settlement offer was solidly and uniformly to the contrary:

- Johnston adamantly and repeatedly denied that she was driving at the time of the accident, and stated that she wished to proceed to trial to prove her innocence;

- The police report of the accident stated that Berryman was the driver;

- The Illinois State Police Accident Reconstruction Report determined that Berryman was the driver and that Johnston was the passenger, finding specifically that the injuries to Berryman's scalp, neck, and chest were consistent with someone in the driver's position striking the windshield and steering wheel, and that the injuries to Johnston's left side were consistent with someone in the passenger seat striking the mirror, console, and gear shift; and

- Berryman's medical records contained a description of a statement he made to a health care provider that he was the "ejected, unrestrained driver."

On the basis of this evidence, no rational trier of fact could reasonably conclude that American Family acted negligently and in bad faith for failing to settle the case for the policy limit at the time the offer was made. Not only did the insured deny that she was the driver, but that denial was corroborated by two independent state po-

---

**1.** We grant American Family's motion to amend pleadings to show jurisdiction, under 28 U.S.C. § 1653, and deny Berryman's mo-

tion to remand for lack of jurisdiction. As amended, we believe jurisdiction has been adequately pleaded.

lice reports and was unchallenged by any other objective evidence.

But to combat this overwhelming evidence, Berryman relies on his allegation, though biased and unsupported; a legal presumption that Johnston was the driver because she was the owner, though rebutted by the evidence at the time; and the possibility that Berryman would find a credible expert to testify on his behalf (*i.e.,* that he was the passenger and not the driver), though remote and speculative in light of the evidence at the time. None of this evidence reasonably raises the specter of an adverse finding on liability in the state court accident case in light of the evidence available to American Family at the time, much less that the likelihood of liability in the case was "great," which is what is required for Berryman to succeed under Illinois law.

Still, Berryman relies on his expert witnesses, David Dorris, an attorney, and Marshall Reavis, an insurance specialist, who both concluded and were prepared to testify that American Family acted negligently and in bad faith for failing to settle. However, the experts did not identify any other relevant evidence available to American Family at the time of the settlement offer that could discredit the overwhelming evidence that Berryman was the driver. More broadly, they failed to demonstrate any legitimate reason why at the time of the settlement offer the likelihood of liability in the state court accident case against Johnston was more than a negligible, theoretical possibility.

Without any evidence to suppose, or even speculate, that Berryman was the passenger and not the driver (or any objective reason to suspect that was the case), American Family reasonably determined at the time of the settlement offer that in light of the available evidence its case on liability was air-tight. The district

court therefore properly granted summary judgment in favor of American Family.

AFFIRMED